UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
DEC 19 2012
RECEIVED

U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2012 DEC 19 PM 5:10
FILED

# UNITED STATES COURT OF APPEALS
## for the
## DISTRICT OF COLUMBIA

| | |
|---|---|
| KHADIJA DUMA, Appellant | Civil Case - 12-1040 |
| v. | |
| Internal Revenue Service, Appellee | Underlying Case U.S. Tax Court - 11042-07 |

## APPELLANT'S BRIEF

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED   DEC 19 2012
CLERK

(cover page)

# CERTIFICATE AS TO PARTIES, RULINGS and RELATED CASES

(1) Appellant - Khadija Duma

(2) Appellee - Internal Revenue Service

(3) Court-appointed amicus curiae - Jenner and Block, LLP

(4) Related cases:
   U.S. Dist. Ct.  1:08-cv-00581
   U.S. Dist. Ct.  12-5258
   U.S. Dist. Ct.  10-1307
   U.S. Ct. App. D.C. - 11-7137
   U.S. Ct. App. D.C. - 10-5190
   S. Ct. No. - 9378

(5) Ruling under review for this appeal:
   U.S. Tax Court - Case No 11042-07.

(A-1)

# TABLE OF CONTENTS

page

(1) Certificate as to parties — (A-1)

(2) Table of contents — (A-2)

(3) Table of cases, statutes, authorities — (A-3)

(4) Glossary — (A-4)

(5) Statement regarding jurisdiction — (1-3)

(6) Statement of Issues — (4)

(7) Statement of Facts — (5-7)

(8) Summary — (8)

(9) Relief Sought — (10)

(10) Argument — (9)

(10) CERTIFICATE OF SERVICE — (10)

# TABLE OF CASES, STATUTES and AUTHORITIES

(pp. 2, 3)   D.C. Circuit Rules

(pp 2, 3)    Federal Rules of Appellate Procedure

(page 2)    Handbook of Practice and Internal Procedures (U.S. Court of Appeals for the District of Columbia Circuit; as amended through December 1, 2011

(page 1)    Superior Court of the District of Columbia Rules

(A-3)

# GLOSSARY

None

# UNITED STATES COURT OF APPEALS
## for the DISTRICT of COLUMBIA

| | |
|---|---|
| KHADIJA DUMA, Appellant<br>v.<br>Internal Revenue Service, Appellee | Civil Action- 12-1040<br>September Term 2011<br><br>Underlying Case No.<br>U.S. Tax Court- 11042-07 |

## APPELLANT'S BRIEF

Appellant, Khadija Duma, proceeding pro se and in forma pauperis submits the following in support of her appeal to this court of the United States Tax Court decision rendered against her.

Under Title III of the Superior Court of the District of Columbia (Review of a Decision of the U.S. Tax Court) an appellate review " is commenced by filing a notice of appeal with the Tax Court clerk..." This rule also states that "[t]he record on appeal; forwarding; filing (1) An appeal from the Tax Court is governed by the parts of Rules 10, 11, and 12 regarding the record on appeal from a district court, the time and manner of forwarding and filing, and the docketing in the court of appeals.

(1)

References in those Rules and in Rule 3 to the district court and district clerk are to be read as referring to the Tax Court and its clerk. (2) If an appeal from a Tax Court decision is taken to more than one court of appeals, the original record must be sent to the court named in the first notice of appeal filed. In an appeal to any other court of appeals, the appellant must apply to that court to make provision for the record."

From the Handbook of Practice and Internal Procedures (U.S. Court of Appeals for the District of Columbia Circuit; as amended through December 1, 2011) See Fed. R. App. P. 13, 14) Appeals from the Tax Court "are taken by filing a notice of appeal with the Clerk of the Tax Court in the District of Columbia. Filing by mail is permitted. The notice must identify the court to which the appeal is taken, the ruling being appealed, and the party who is appealing. The Clerk of the Tax Court notifies the other parties that a notice of appeal has been filed..."

Per Fed. R. App. P. 31(b); D.C. Cir. Rule 31 appellant proceeding in forma pauperis, pro se needs to file only the original brief, is exempt from colored covers, and not required to prepare an

(2)

appendix (Fed. R. App. P. 32(a); D.C. Cir. Rules 28(a), 32; Fed. R. App. P. 30; D.C. Cir. Rule 30.)

Per D.C. Cir. Rule 24 "...The appellant or petitioner may instead (of preparing an appendix) furnish, with the brief, 1 copy of the transcript pages he or she wishes to call to the Court's attention; 1 copy of a list setting forth the page numbers of the transcript so furnished; and 1 copy of other portions of the record to which the appellant or petitioner directs the Court's attention." Although it may be a small amount of money to some I did not have the funds to pay for a partial or full transcript; and, I did not have a transcript in my possession. Therefore, I cannot refer this Court to specific pages so that this Court can reference the records that were transmitted to it from the Tax Court for comparison and enlightenment.

# STATEMENT OF ISSUES

(1) Whether appellant's notice of appeal was properly and timely filed.

(2) Whether the Tax Court's clerk's office and judge's chambers who assured appellant that her notice of appeal had been properly submitted and was docketed as timely should be collaterally estopped from now stating that the notice of appeal was filed to soon, and, therefore, was untimely.

(3) Whether the unauthorized alteration of appellant's notice of appeal after its submission and acceptance to and by the Tax Court's clerk's office should collaterally estopp that court from now claiming that the notice of appeal was untimely.

(4) Whether mistakes regarding material facts by the Tax Court should require a review by this court, or in the alternative a remand and retrial in the Tax Court.

(4)

# STATEMENT OF FACTS

(1) Unbeknownst to me Fannie Mae submitted an amended W2 to the Internal Revenue Service after having provided a W2 to me which was approximately thirty thousand dollars less.

(2) Fannie Mae's profit sharing vehicles included a program whereby the board of directors set a target price for Fannie Mae shares; if those shares reached that market value, employees were offerred the opportunity to take the shares, at then market prices, or to take the cashless option which involved having the offerred shares sold through a brokerage selected by Fannie Mae and the resulting profit from the sale of the shares was given as cash to the employee. There were fees involved in the sale of the shares; and, because Fannie Mae did not want large blocks of shares hitting the market at one time the shares of all employees who wanted the cash were divided into parcels thereby rendering varying values in the shares and, I believe, additional brokerage fees. Also, to offset

(5)

any tax incurred on the shares Fannie Mae paid employees a cash amount to cover the estimated tax on held shares. I tried to get Fannie Mae's assistance explaining this program to the Tax Court, but they Refused. Under this program I always chose the cash option because as a Senior Business Manager at Fannie Mae I also received an allotment of Fannie Mae through another Fannie Mae program—it was free and the amount of stock you were given was based upon your pay grade. Unlike many other Fannie Mae employees I had worked in commodities and other stock-tied ventures I was not interested in building a portfolio anchored by Fannie Mae stock. It is my believe, based upon my communications with the Internal Revenue Service that Fannie Mae provided an amended W2 to the Internal Revenue Service while I was on disability leave prior to terminating my employment as an additional act of retaliation for my whistleblowing. I told the tax court that I took the cash.

(3) The Tax Court's finding that it was implausible that I filed my taxes by taking

(6)

the #96 bus at the bus stop directly across the street to the National Capital Post Office which has a #96 bus stop directly in front of it and is located next door to Union Station and across the street from 500 North Capital St where the Internal Revenue Service center was located until renovations were begun in recent years is beyond my comprehension. The National Capital Post Office was publicized by the Internal Revenue Service, the U.S. Postal Service, print and high tech media as one of only a few in the District of Columbia which had postal workers outside with large bins until midnight for filers. I had used that mechanism for years. Yet, although the Internal Revenue Service center endorsed the use of dropping my returns into the bins because I did not have the ability to make copies I was deemed a non-filer.

(7)

## SUMMARY

The court tried to understand the complexities of Fannie Mae's profit sharing program. However, since counsel for the Internal Revenue Service did not follow the court's instructions to show up early for our pre-hearing conference so that they could make copies of the documents they needed and that the court needed to understand what happened the court was disadvantaged. My hands were swollen from lugging all of those containers and documents into court the first time, I could not manage them the second time; although both the court and counsel for the Internal Revenue Service acknowledged that I brought the documents, as instructed by the court, to the pre-meeting hearing and to the hearing. Also, counsel for the Internal Revenue Service admitted to the court that not only were they late for the pre-hearing meeting but they confirmed that I showed them the original W2 that Fannie Mae provided to me which was approximately thirty thousand dollars less than what they submitted as an amended W2.

(8)

## ARGUMENT

Fannie Mae, by and through its counsel, has lied to this tribunal countless times and gets away with it. Fannie Mae has misrepresented to the Internal Revenue Service my wage and earnings (the instant case is not the only occurrence) since I went out on disability as a final nail in my coffin for whistleblowing. It is ongoing harassment that never ends. The Tax Court should have sanctioned the counsel for the Internal Revenue Service for not following its instructions regarding the pre-hearing meeting. This matter was resolvable at that level.

## RELIEF SOUGHT

Appellant respectfully requests that her appeal be accepted for review as timely and properly filed. Appellant further requests that the Tax Court judgment in case no. 11042-07 be vacated and that this matter be remanded to the Tax Court for retrial.

signed: Khadija Duma

dated: 12/19/12

## CERTIFICATE OF SERVICE

On this 19th day of December 2012 a copy of the foregoing was mailed via first-class postage to counsel of record for the respondent.

signed: Khadija Duma

dated: 12/19/12

(10)